IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| McCarthy Improvement Company, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 2:17-cv-03290-JMC |
| | ) |
| Manning & Sons Trucking & | ) |
| Utilities, LLC; Keven Manning; and | ) **ORDER AND OPINION** |
| Southstar Capital, LLC, | ) |
| | ) |
| Defendants. | ) |

This matter is before the court pursuant to Defendant Southstar Capital, LLC's ("Southstar") Motion to Dismiss for Failure to State a Claim (ECF No. 31). Plaintiff McCarthy Improvement Company ("McCarthy") filed a response in opposition (ECF No. 40). For the reasons set forth below, the court **GRANTS** Southstar's Motion to Dismiss (ECF No. 31), thereby **DENYING AS MOOT** Southstar's Motion to Stay Discovery Pending Resolution of Southstar's Motion to Dismiss (ECF No. 43).

**I.    JURISDICTION**

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. *See* 28 U.S.C. § 1332. McCarthy is an Iowa Corporation with its principal place of business in Iowa. (ECF No. 1 at 1.) Manning & Sons Trucking & Utilities, LLC ("Manning Trucking") is a South Carolina Limited Liability Company with its principal place of business in Dorchester County, South Carolina. (*Id.*) Keven Manning ("Manning") is a citizen and resident of Dorchester County, South Carolina. (*Id.* at 2.) The amount in controversy exceeds $75,000.00, exclusive of interests and costs. (*Id.*) When a federal court sits in diversity jurisdiction, it applies federal procedural law and state substantive law. *See Gasperini v. Ctr. For Humanities, Inc.*, 518 U.S. 415, 427 (1996).

1

## II.     RELEVANT FACTUAL BACKGROUND

On September 23, 2013, McCarthy entered into a prime contract with the South Carolina Department of Transportation ("SCDOT") (the "Prime Contract") for the Santee SC I-95/US Route 301 improvement project. (ECF No. 1-1 at 175 ¶ 6.) Manning Trucking entered into a subcontract with McCarthy to perform truck hauling services for the I-95/US Route 301 project and later to purchase and deliver fill dirt (the "Subcontract"). (*Id.* ¶ at 8-9.) Manning Trucking sought financing from Southstar. (*Id.* at ¶ 13-14.) In exchange for advancing funds to Manning Trucking, Southstar acquired a security interest in Manning Trucking's accounts receivables and other assets pursuant to an executed factoring agreement between the parties (the "Factoring Agreement"). (*Id.*) Upon execution of the Factoring Agreement and as is the regular business practice of Southstar, Southstar served McCarthy with a Notice of Assignment of payment rights (the "NOA") in accordance with § 9-406(a) of the Uniform Commercial Code (the "UCC").[1] (*Id.* at ¶ 14.)

## III.     RELEVANT PROCEDURAL BACKGROUND

On May 30, 2017, McCarthy filed a Petition for Declaratory Relief against Manning Trucking in the Iowa District Court for Scott County. (ECF No. 1-1 at 1-4.) On September 13, 2017, McCarthy filed a First Amended Petition for Declaratory Judgment, adding Southstar and Manning as defendants and asserting claims for declaratory judgment and unjust enrichment and/or mistake. (*Id.* at 174-179). Southstar removed the matter to the United States District Court for the Southern District of Iowa based upon diversity jurisdiction and moved to dismiss

---

[1] The NOA acted as notice to McCarthy that Southstar was now the proper party to pay all accounts receivables and amounts owed from McCarthy to Manning Trucking on the Subcontracts until further notice. (ECF No. 31-1 at 2.) No rights under the Prime Contact or the Subcontracts were transferred to Southstar other than the right to payment on behalf of Manning Trucking as specifically delineated in the UCC. (*Id.*)

for lack of personal jurisdiction or, in the alternative, to transfer venue to the United States District Court for the District of South Carolina. (ECF No. 1.) The Iowa District Court granted the Motion to Transfer Venue on December 4, 2017. (ECF No. 1-2.)

Meanwhile, on June 27, 2017, Manning Trucking and Manning filed an action against McCarthy in South Carolina, which is currently pending before the court as Civil Action No. 5:17-01994-JMC (the "Related Action"). In the Related Action, McCarthy moved to amend its answer to add Southstar as a counter-defendant and assert a counterclaim against it for unjust enrichment and/or mistake, similar to the claim in this action. (Related Action, ECF No. 17.) The Motion was granted (Related Action, ECF No. 23), and on February 20, 2018, Southstar moved to dismiss the counterclaim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Related Action, ECF No. 27). Plaintiff filed a response (Related Action, ECF No. 31), and Southstar replied (Related Action, ECF No. 32).

On March 21, 2018, Southstar filed a Motion to Dismiss the counterclaim in this case pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[2] (ECF No. 31.) Plaintiff filed a response (ECF No. 40), and Southstar replied (ECF No. 41). The claims are essentially identical in this and the Related Action. On June 6, 2018, the court consolidated the cases for

---

[2] From the time this matter was transferred to this court from the United States District Court for the District of Iowa, Southstar believed this matter would be consolidated with the Related Action. (*See* ECF No. 41 at 1-2.) The court acknowledges McCarthy's argument that Federal Rule of Civil Procedure 12(g) precludes Southstar from bringing a second motion to dismiss when that defense was available to the party but omitted from its earlier Motion to Dismiss. (*See* ECF No. 40 at 6); *see also* Fed. R. Civ. P. 12(g)(2). However, Federal Rule of Civil Procedure 12(g)(2) provides an exception under 12(h)(2). *See* Fed. R. Civ. P. 12(h)(2). Under Federal Rule of Civil Procedure 12(h)(2)(B), failure to state a claim upon which relief can be granted may be raised by a motion under Federal Rule of Civil Procedure 12(c), Motion for Judgment on the Pleadings. In the interest of efficiency, the court construes Southstar's Motion to Dismiss for Failure to State a Claim as a Motion for Judgment on the Pleadings. Therefore, the court finds that Southstar has not waived its 12(b)(6) defense.

both pretrial and trial purposes.[3]

## IV. LEGAL STANDARD

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); *see also Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A Rule 12(b)(6) motion "should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a Rule 12(b)(6) motion, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Ostrzenski v. Seigel*, 177 F.3d 245, 251 (4th Cir. 1999). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (*citing Twombly*, 550 U.S. at 556).

---

[3] The court considered the arguments made in both Motions to Dismiss to decide this matter.

## V. ANALYSIS

At the outset, the court notes that it applies South Carolina law in its analysis. While the Subcontract between McCarthy and Manning Trucking is governed under Iowa law (*see* ECF No. 1-1 at 11), Southstar is not a party to that agreement. Therefore, the court is inclined to apply South Carolina substantive law to the issues arising between McCarthy and Southstar.

McCarthy's claim is based on the allegation that Manning Trucking invoiced McCarthy for more than $65,000.00 in "surcharges" which were unallowable under the terms of the Subcontract. (ECF No. 1-1 at 177 ¶ 22). Because of these improper surcharges, McCarthy alleges it mistakenly paid more than $65,000.00 to Manning Trucking and Southstar. (*Id.* at ¶ 23.) In this lawsuit, McCarthy brings two claims against Southstar: (1) an equitable cause of action for restitution for unjust enrichment and/or mistake and (2) a cause of action for declaratory judgment. (ECF No. 1-1 at 176-79.)

### A. Mistake

"A contract may be reformed on the ground of mistake when the mistake is mutual and consists in the omission or insertion of some material element affecting the subject matter or the terms and stipulations of the contract, inconsistent with those of the parol agreement which necessarily preceded it." *George v. Empire Fire & Marine Ins., Co.*, 344 S.C. 582, 590 (2001). "A mistake is mutual where both parties intended a certain thing and by mistake in the drafting did not obtain what was intended. Before equity will reform a contract, the *existence of a mutual mistake must be shown by clear and convincing evidence.*" *Id.* (emphasis added). Under South Carolina law, to reform a contract on the ground of unilateral mistake, the party requesting reformation must prove that the mistake was induced by fraud, deceit, misrepresentation,

concealment, or imposition in any form of the party opposed in interest to the reformation.[4]

*Mueller v. Generali-Us Branch*, 4 Fed. Appx. 187, 190 (4th Cir. 2001); *see also* 66 Am. Jur. 2d, *Reformation of Instruments* § 1 (2011) ("Reformation of a contract is an extraordinary equitable remedy and should be granted with great caution and only in clear cases of fraud or mistake."). Here, no contract exists between McCarthy and Southstar. Therefore, McCarthy's counterclaim for mistake fails to establish a right to relief against Southstar.

**B. Unjust Enrichment**

In an action for unjust enrichment, McCarthy as Counterclaim Plaintiff must demonstrate that Southstar has been unjustly enriched at the expense of the Counterclaim Plaintiff and has retained that benefit. *See Ellis v. Smith Grading and Paving, Inc.*, 294 S.C. 470, 473 (Ct. App. 1988). The elements are a (1) benefit conferred by plaintiff upon defendant; (2) realization of that benefit by defendant; and (3) retention of the benefit by defendant that would make it inequitable to retain. *Myrtle Beach Hosp., Inc., v. City of Myrtle Beach*, 341 S.C. 1, 8-9 (2000).

Since McCarthy's claim is an action in equity, we must briefly examine the relationship between equitable claims and the UCC. The general rule for the UCC and South Carolina's identical codified version is:

> Unless displaced by the particular provisions of this Act, the principles of law and equity, including merchant law and the law relative to capacity to contract, principal and agent, estoppel, fraud, misrepresentation, duress, coercion, mistake, bankruptcy, or other validating or invalidating cause shall supplement its provisions.

*Equitable Life Assur. Soc. Of U.S. v. Okey*, 812 F.2d 906, 909 (4th Cir. 1987) (*citing* UCC §1-

---

[4] While McCarthy is unclear in its Amended Counterclaims (Related Action, ECF No. 24) as to whether it is claiming mutual mistake or unilateral mistake, the court construes its claim to be one of unilateral mistake. However, out of abundance of caution, the court has provided the law for mutual mistake and unilateral mistake.

103).

Here, McCarthy alleges that due to Manning Trucking's alleged overbilling, Southstar has been paid funds over and above the amounts due to Manning Trucking under the Prime Contract by way of improper surcharges and retained a benefit at the expense of McCarthy. (Related Action, ECF No. 24 at ¶¶ 28-29.) Additionally, McCarthy demands repayment of the alleged overpayments from Southstar. (Related Action, ECF No. 24 at ¶ 30.)

As outlined above, the rights McCarthy is attempting to use in asserting an affirmative claim against Southstar is delineated to it by virtue of the UCC, since there is no other contractual or other relationship which would give rise to such a claim. In its Amended Counterclaims, McCarthy acknowledges that Southstar and Manning Trucking's financial relationship led to Southstar being assigned Manning Trucking's payment rights under the Subcontract. Further, McCarthy acknowledged receiving NOA's from Southstar pursuant to UCC § 9-406. (Related Action, ECF No. 24 at ¶ 24.) Accordingly, the commercial relationship between Manning Trucking, McCarthy, and Southstar is governed by the UCC, particularly with respect to the obligations and liabilities of Southstar as assignee.

Pursuant to UCC § 9-404(b), "the claim of an account debtor against an assignor may be asserted against an assignee *only to reduce the amount the account debtor owes*." UCC § 9-404(b), adopted by South Carolina at S.C. CODE ANN. § 36-9-404(b) (2017) (emphasis added). The Official Comments to this section provide even more clear guidance, and hold in pertinent part that:

> 3. <u>Limitation on Affirmative Claims</u>. Subsection (b) is new. It limits the claim that the account debtor may assert against an assignee. Borrowing from section 3-305(a)(3) and cases construing former section 9-318, subsection (b) generally *does not afford the account debtor the right to an affirmative recovery from an assignee*.

UCC § 9-404(b), Official Comment 3 (emphasis added). Therefore, pursuant to UCC § 9-404(b), McCarthy is explicitly barred from asserting an affirmative claim for payment of funds under an allegation of unjust enrichment against Southstar.

McCarthy attempts to use *Michelin Tires (Canada) Ltd. v. First Nat. Bank of Boston*, 666 F.2d 673 (1st Cir. 1981), for the proposition that (1) an exception to the rule exists when the assignee is actively involved in the relationship between the assignor and the account debtor, and (2) the account debtor may still bring equitable claims against assignees. (*See* Relevant Action, ECF No. 31 at 15-16). However, the use of *Michelin Tires* is irrelevant. The language discussed in that case is from Massachusetts' Uniform Commercial Code in 1981. The South Carolina Commercial Code was amended in 2001, and as noted in the Official Comment: "Subsection (b) is new." Thus, the express limitation on affirmative recovery which bars McCarthy's claim under § 9-404(b) simply did not exist at that time.

Further, McCarthy argues that "because UCC § 9-404 does not comprehensively address or replace unjust enrichment, McCarthy's unjust enrichment claim has not been displaced [by the UCC]." (Related Action, ECF No. 31 at 6.) However, because McCarthy demands repayment of the alleged overpayments, McCarthy's unjust enrichment claim against Southstar is an affirmative claim, which §9-404 does comprehensively address. *See Novartis Animal Health US, Inc. v. Earle Palmer Brown, LLC*, 424 F. Supp. 2d 1358, 1364 (N.D. Ga. 2006) (holding that Article 9 of the UCC does not permit an account debtor to make an affirmative recovery from an assignee for unjust enrichment). Additionally, displacement does not require that the UCC provision *replace* a cause of action with another cause of action – that is not required under the language of § 1-303. Rather, Official Comment No. 2 to § 1-303 confirms:

> While principles of common law and equity may supplement provisions of the Uniform Commercial Code, they may not be used to supplant its provisions, or the

> purposes and policies those provisions reflect, unless a specific provision of the Uniform Commercial Code provides otherwise. In the absence of such a provision, the Uniform Commercial Code preempts principles of common law and equity that are inconsistent with either its provisions or its purposes and policies.

Accordingly, displacement means to supplant, supersede, or preempt. Where principles of common law and equity are in conflict with a provision of the UCC, they are preempted or displaced by that provision under § 1-303 regardless of whether they *replace* those principles with an alternative cause of action as McCarthy argues.[5]

Lastly, where a plaintiff has an adequate remedy at law, equitable relief in the form of a claim for unjust enrichment is not normally in order. *Barrett v. Miller*, 283 S.C. 262, 264 (Ct. App. 1984). McCarthy's Counterclaims allege that Manning Trucking overbilled it, not Southstar. (*See* Related Action, ECF No. 24-1 at ¶¶ 13-14, 29). Therefore, McCarthy is attempting to assert its claim for recovery of funds that is properly against Manning Trucking (with whom it has a contractual relationship and contractual right to recovery), against Southstar rather than Manning Trucking. Since the claim is covered by § 9-404(b), the claim can act only to limit Southstar's recovery against McCarthy, which is not applicable here. Any common law or equitable principles to the contrary are expressly preempted by § 9-404(b)'s language. Furthermore, since the UCC bars McCarthy from affirmative recovery against Southstar, there is not a justiciable controversy between the parties that would authorize a declaratory judgment.[6]

---

[5] It is also worth noting that McCarthy's argument that it is not an account debtor because it has paid all the funds due under the accounts are without merit. McCarthy was expressly defined as the "account debtor" under the contracts in question and it affirmatively took on that role in its contractual relationship with Manning Trucking.

[6] The court disagrees with McCarthy's contention that Southstar's Motion to Dismiss does not address McCarthy's declaratory claim against it. (*See* ECF No. 40 at 7.) As stated in its Reply, Southstar requests dismissal of all of McCarthy's claims in its Motion to Dismiss. (*See* ECF No. 31-1 at 5.) The declaratory judgment cause of action is just a rehashing of McCarthy's claim for unjust enrichment against Southstar. (*See* ECF No. 1-1 at 178) ("McCarthy also seeks a

Consequently, McCarthy fails to plead a claim against Southstar in which it is entitled to relief.

## VI. CONCLUSION

For the foregoing reasons, the court **GRANTS** Southstar's Motion to Dismiss (ECF No. 31), thereby **DENYING AS MOOT** Southstar's Motion to Stay Discovery Pending Resolution of Southstar's Motion to Dismiss (ECF No. 43).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

June 14, 2018
Columbia, South Carolina

---

declaration from the court that MST and Southstar wrongfully overbilled McCarthy, and McCarthy mistakenly paid for "surcharges.").